## JEWELL et al. *v.* PORCHE.

Whatever name may have been inserted in the certificate of the board of commissioners of the United States, confirming a spanish grant, the confirmation must inure to the benefit of the real owner.

A survey made by a parish surveyor under an order of court, and proved by the officer who made it, will be presumed to be correct, until the contrary is shown.

A patent granted by the United States for land in Louisiana, which had been patented by the spanish sovereign before the change of government, is, as to those claiming under the spanish patent, an absolute nullity.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *Cooley*, for the appellants. *Ilsley*, for the defendants.

The judgment of the court was pronounced by

ROST, J. The plaintiffs claim a tract of land in possession of defendant, and described in their petition as section no 63, in township 5, west of the Mississippi, range 10 east, containing 77 superficial acres, under purchase and a patent from the United States. The defendant resists their claim on the ground that, she is the just owner and possessor of the land by descent from her father, *George Olivot*, and in virtue of a spanish patent, issued in his favor in 1791, and duly confirmed by the board of commissioners of the United States, after the change of government. She further avers that her father and herself have been in actual possession of the land ever since the date of the patent; that there are no vacant lands adjoining above or below it; and that the sale made to the plaintiff by the United States, was the sale of the property of another, and, as such, null and void, as well as the patent issued thereon. The parties made proof of their respective titles, and the court having given judgment in favor of the defendant, the plaintiffs appealed, and ask a reversal of the judgment on two grounds:

1st. That it is not satisfactorily proved that the lines of the spanish patent include the *locus in quo.*

2nd. That the confirmation of that patent by the board of commissioners was to *George Olivet* and not to *George Olivot.*

With the evidence in the record of possession during fifty years and more by *Olivot* and his descendants, the last ground cannot be considered as serious. Whatever be the name inserted in the certificate, the confirmation must inure to the benefit of the real owner. 3 La. p. 107. 5 Mart. p. 663. 11 Mart. 212. The members of the board of commissioners made sad work in spelling french and spanish names, and this appellation of *Olivet* for *Olivot* is one of their most successful efforts in that way.

The other ground taken by the appellants rests exclusively upon fact. The evidence satisfied the court below that the land in controversy was covered by the spanish patent, and after a careful perusal of it, we have come to the same conclusion. The survey made the by United States surveyor was not legal evidence; but the judge does not appear to have taken it into consideration, and we are satisfied that there is, without it, in the record, abundant evidence to maintain the judgment.

The counsel for the plaintiffs has pressed upon the court the great danger to be apprehended from giving full faith to surveys made by parish surveyors, in

cases like this.* The presumption of law is in favor of the correctness of those surveys, when they are proved by the officer who made them ; but that presumption will of course yield to contrary proof, when such proof is made. No attempt has been made by the plaintiffs to falsify the survey. The plat returned represents the *locus in quo* as included by the calls of the spanish patent; the surveyor swears to its correctness; and states in his evidence that he followed the lines and found the marks of the spanish surveyor. Two old and respectable inhabitants of the neighborhood corroborate this testimony: and the description of the boundaries of the land in the patent itself, shows that, at its date, the lands adjoining above and below had already been granted. This evidence, unimpeached as it stands, appears to us as complete as human testimony can make it.

We do not perceive the dangers apprehended by counsel. Surveyors are the experts of land suits, and we view their plans as the reports of experts are viewed. They cannot make the survey without calling upon the parties for their titles; the parties, when called upon, may, if they think proper, attend the survey, and, when it is returned into court, make opposition to it, and falsify it by any competent evidence. The errors of surveyors cannot prejudice diligent suitors; if they are not diligent, it is not in the power of courts of justice to take better care of them than they choose to take of themselves.

We are satisfied that the that the sovereign had parted with his right to the land in controversy, before the change of government.

That the title of the defendant was placed by the treaty of cession, beyond the reach of the constitutional powers of Congress; and that the patent issued by the United States in favor of the plaintiffs, is, so far as the rights of the defendant are involved, an absolute nullity. See the case of *Lavergne's Heirs*, 17 La. p. 230. 2 Howard, p. 318. *Judgment affirmed.*

JEWELL<br>v.<br>PORCHE.

---

*The survey was made under an order of the District Court, in this case.