ANDING v. SMITH et al.

No. 5940.

Court of Appeal of Louisiana.
Second Circuit.

April 28, 1939.

Warren Hunt, of Rayville, for appellants.

W. Davis Cotton, of Rayville, for appellee.

HAMITER, Judge.

Mrs. J. L. Anding instituted this proceeding in the capacity of executrix of the

Succession of J. L. Anding, deceased. She alleges that such succession is the owner of a lot of ground in Bishop's survey of the Town of Delhi, Louisiana, fronting 20 feet on Broadway street and running west 105 feet; that the defendants herein, Miss Mattie E. Smith and James J. Cuthbert, own a lot of ground in the same block and survey, on which there is a brick store building facing Front street; and that a portion of the rear end of said building encroaches on the aforementioned property of the succession.

It is further alleged that shortly after learning of the encroachment she carried on negotiations with the view of obtaining an amicable adjustment of the matter, and eventually she and Miss Smith agreed in writing that C. A. Blatchford, a civil engineer, should make a survey of the properties and fix the boundaries which would be final and binding on all parties; that the survey was made, and it showed that the brick store building owned by defendants extends and encroaches upon the succession property; and that the defendants now refuse to accept or abide by it.

Alternatively, she alleges that it is "necessary that a judicial fixing of the said boundary line be made in the manner and form prescribed by law; that a regularly licensed surveyor of the State of Louisiana be appointed by the court and sworn for the purpose of examining and making a survey of the contiguous properties of your petitioner and that of the said Miss Mattie E. Smith and James J. Cuthbert and of ascertaining the correct limit of the respective parties' properties in order that such portion of the said brick store building that encroaches upon the property of the succession of J. L. Anding, may be ordered removed to the correct division line."

The prayer is that the agreement respecting the Blatchford survey be rendered executory and ordered enforced. In the alternative, she prays that the boundary line be judicially fixed and established by a surveyor appointed by the court and that defendants be ordered to demolish such portion of their building as encroaches upon the succession property.

In the further alternative, it is asked that the succession of J. L. Anding be recognized, as in a petitory action, to be the owner of the property claimed by it.

Defendants excepted to the petition as stating no right and no cause of action.

The disposition made of these exceptions by the trial court is not shown by the court minutes. It is immaterial, however, because they are not urged here.

Pleas of prescription of ten, twenty and thirty years were also filed. These were referred to the merits of the case.

In their answer, defendants deny the material allegations of the petition, plead their muniments of title and that plaintiff and her husband have been guilty of laches, and aver that a survey under the supervision of the court is desirable and should be made.

Subsequently, the following order was issued by the court:

"This matter having been regularly fixed for trial, the same was regularly reached on the docket and called for trial, whereupon counsel for both plaintiff and defendant having informed the Court that in order to establish the respective rights of the parties involved that a survey, under the supervision of this Court, should be made. The Court being of the opinion that such request is proper and necessary in the premises it is, by reason thereof and by consent of the parties, therefore:

"Ordered, that W. I. Neel, a duly licensed surveyor of the State of Louisiana, be, and he is hereby appointed to inspect the premises described in plaintiff's petition; to survey, fix and establish the bounds and boundary of the respective properties involved in this suit and to report thereon, in writing, to this Court, according to law.

"It is further ordered, that for any reason the said W. I. Neel fails, refuses and is unable to make the survey so ordered, then, let the same be made by Conrad Cage, Jr., a licensed surveyor of the State of Louisiana, who is hereby designated as an alternate surveyor and fully authorized and directed to make this survey in the event of the failure of the said Neel so to do."

The ordered survey was made by the alternate surveyor in view of the inability of the first named one to serve.

The case was later tried on its merits, and judgment was rendered in favor of plaintiff and against the defendants approving and homologating the survey and report of the court's appointee, Conrad Cage, Jr., and recognizing and decreeing that the mentioned building encroached upon the property of the succession to a

364

described extent. It was further ordered that the building in so far as it encroached thereon be demolished and removed.

Defendants appeal devolutively and suspensively from the judgment.

Counsel for appellants makes the following statement in his brief, which seems to be in accord with the views of plaintiff's counsel, viz.:

"Since the defendant, J. J. Cuthbert, who owns an undivided interest in the alleged offending brick store building, was not a party to the contract alleged upon by plaintiff, never having signed it, nor even being mentioned in its provisions, the case narrows down to the following issues:

"(1) The correctness of the survey made pursuant to prayer of plaintiff in his petition and agreeable to defendants as set forth in their answer.

"(2) The prescription of ten, twenty, and thirty years.

"(3) The laches of plaintiff."

We shall endeavor to discuss such issues in the order named.

In compliance with the court's authorization and order, Mr. Cage, on September 19, 1938, gave notice by registered mail to the plaintiff and to each of the defendants that at ten o'clock A. M., on September 23, 1938, he would proceed to make the required survey and measurements, and those persons were requested to attend or be represented and to submit any deeds of record or evidences of ownership of title that they might desire. At the designated date and hour he was met at the property by Mr. George K. Anding, plaintiff's son and representative. Neither of the defendants was present or represented. He proceeded to and did make the survey and determined that the rear portion of defendants' building encroached on the Anding property for distances of 6.5 feet to 10.7 feet. Accompanying him in this work were two witnesses, and also Mr. C. E. Wiggins, who was Mayor of the Town of Delhi when the official survey and plat of that town were made in 1927 by C. D. Evans, civil engineer.

A written detailed report of his acts and findings dated September 23, 1938, together with a prepared plat, was filed in court by Mr. Cage. All of the formalities required by law were observed by him in the performance of his designated task.

It is the testimony of this court-appointed surveyor that he had with him at the time a copy of the aforementioned official plat of the Town of Delhi, from which his survey was made. He began at a crosscut mark in the sidewalk at the northeast corner of the block in which the property lies and ran his front or north line in a westerly direction parallel to the tracks of the Illinois Central Railroad Company, and at a specified distance therefrom, as shown on the official plat. The other measurements were based on said north line. He further testifies that he found his own points and that they coincided with those located by Mr. Evans.

Defense counsel urges that the referred to front line under the original Bishop's survey made in 1877, runs in a true east and west direction, in accordance with compass bearings, and does not parallel said railroad tracks, which proceed northwesterly and southeasterly; and that if Bishop's survey is followed no encroachment would be observed. A plat of the mentioned old survey was obtained during the trial of the case, at the court's request, and it did not disclose the location of the railroad tracks or the position of the property in relation thereto. Regarding the employment of compass bearings in the surveying of city property, Mr. Cage explains that they are "not accurate enough", and that the surveyor "never uses his compass, he sights from one monument to the other".

The appointed surveyor was the only expert testifying in the case. The presumption is that his survey, made under the court's supervision and in accordance with all formalities required by law, and proved by him, is correct. Jewell et al. v. Porche, 2 La.Ann. 148. This presumption has not been successfully rebutted, according to our appreciation of the evidence, and the decree approving and homologating the survey will not be disturbed.

The pleas of prescription of ten and twenty years are apparently not seriously urged. In all events, we find no merit therein. They are urged pursuant to the provisions of article 853 of the Louisiana Civil Code, which are:

"If the boundaries have been fixed according to a common title, or according to different titles, and the surveyor had committed an error in his measure, it can always be rectified, unless the part of the land on which the error was committed, be acquired by an adverse possession of

ten years, if the parties are present, and twenty years, if absent."

In Barker v. Houssiere-Latreille Oil Co., 160 La. 52, 106 So. 672, 676, the Supreme Court stated:

"In order to sustain the plea of prescription of 10 years under article 853, it is necessary not only to show a possession of 10 years, but also that the possession has been held by boundaries fixed by a surveyor in accordance with article 833 and consecutive articles of the Civil Code, requiring the work to be done by a sworn surveyor of the state, notice to the parties, examination by the surveyor of title papers, procés verbal of survey, etc. Gray v. Couvillon, 12 La.Ann. 730."

The record in the instant case does not disclose that the boundaries contended for by defendants have ever been fixed in accordance with the mentioned requirements.

For the plea of thirty years' prescription to prevail, the encroachment must have been continuous and uninterrupted for the named length of time.

"The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith." Civil Code, article 3499.

"The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner." Civil Code, article 3500.

A preponderance of the evidence sustains the conclusion that the present building was not erected until after the overflow in that area in 1912. Another building existed on defendants' property previous to that time, but this was destroyed by fire in the year 1909. Furthermore, the earlier structure was 30 or 35 feet shorter than the later one and did not extend onto the succession lot. This proceeding was instituted September 8, 1937, or approximately 25 years after the construction of the offending building. Therefore, the prescription of 30 years has not accrued.

The record discloses that plaintiff made reasonable efforts to obtain settlement of the boundary dispute in question after learning of the encroachment, and we are unable to say that she has been guilty of such laches as will bar her claim.

The judgment is affirmed.