HARDY, Judge.
This is an action which was instituted by plaintiffs, for the purpose of fixing the boundary between the estates of plaintiffs and defendant, a minor represented by his natural tutor. After trial there was judgment in favo-r of plaintiffs approving and homologating the proces verbal o-f the surveyor appointed by the court and ordering the fixing of the boundary line between the respective estates in accordance with the survey. The judgment further ordered defendant to- remove a .wire fence encroaching upon the property of plaintiffs, and finally, costs were divided between plaintiffs and defendant. From this judgment defendant has appealed.
Plaintiffs show thémselves to be the owners of a certain tract of land containing approximately 523 acres, located in Sections 49, 50, 51, 52 and 53 of Township 7 North, Range 5 West, and in Sections 51, 52 and 53 and the eastern portion of Section 49 of Township- 6 North, Range 5 West, in Natchitoches Parish, Louisiana. Defendant is the owner of a tract of land o-f 47 acres, more or less, lying in Section 48, Township 6 North, Range 5 West, of Natchitoches Parish,, which tract adjoins a portion of plaintiffs’ lands on the east.
Plaintiff alleged that the boundary line between the contiguous tracts had been wrongfully established, and that the de *79 fendant, or his immediate predecessor in title, had caused to be erected a wire ■ fence encroaching upon and enclosing a portion .of plaintiffs’ property. Plaintiffs prayed for a judicial fixing of the boundary line, the removal of the wire fence, and other appropriate relief.
Defendant resisted plaintiffs’ demands by first pleading the prescription of ten, twenty and thirty years, and further contesting the correctness of the survey which was finally approved by judgment of the Court.
Responsive to plaintiffs’ petition the District Judge appointed a surveyor, but upon trial it developed that the surveyor so ap^ pointed had not in fact made the survey upon which he based the return of his proces verbal to the Court, but that it had been made under his appointment and direction by one who was not a properly licensed surveyor. As a consequence the District Judge appointed another surveyor, Louis J. Daigre, Jr., who made a survey and returned his plat and proces verbal to the Court. It is the Daigre survey, therefore, which was approved and homologated by judgment.
We are able to-make brief disposition of defendant’s pleas of the prescription of ten and twenty years. As was clearly set forth by Mr. Justice Hamiter during his tenure on this Court, in Anding v. Smith, La.App., 189 So. 362, 364:
“The pleas of prescription of ten and twenty years are apparently not seriously urged. In all events, we find no merit therein. They are urged pursuant to the provisions of article 853 of the Louisiana Civil Code * * *.
* *
“The record in the instant case does not disclose that the boundaries contended for by defendants have ever been fixed in accordance with the mentioned requirements.”
The exact conditions obtained in the case now before us. Defendant contends for the allowance of his plea of prescription under Article 853, but there is no showing that the boundary upon which he insists is one which has been established by a surveyor in accordance with the requirements of Article 833-839 of- the Civil Code. Neither do we feel that the provisions of Article 3478, in which reliance is also placed by counsel for defendant, is applicable since it requires acquisition of an immovable in good faith and just title. De^-fendant has shown no title to- the property in dispute.
The plea of thirty years prescription involves purely a factual proposition. A number of witnesses- were produced on, behalf of defendant, who testified as to the existence of a fence over a long period of time, in some instances for as much as fifty years. Tire weakness of this line of testimony lies in the fact that the witnesses were not, and indeed could not be, certain, as the result of any casual and sporadic examinations, that the fence concerned was the same fence or remained in this same location over this period of time. On the other hand plaintiffs tendered witnesses who were of an entirely different .and conflicting persuasion, and who squarely contradicted the testimony of defendant’s Witnesses. ....
In view of the irreconcilable conflict of testimony we place great reliance upon the resolution of the factual question by our respected brother of the District Court who heard the testimony, saw the witnesses and resolved the point in favor of plaintiff on the ground that defendant’s evidence was not of sufficient certainty nor weight to support the plea of prescription. We are convinced that there is no ground for suggesting any manifest error in this holding, and, accordingly, we find ourselves in concurrence therewith.
Briefly, defendant’s grounds for contesting the correctness of the Daigre survey are predicated upon the fact that the surveyor used a previously existing plat as a guide for his own survey and did not determine, fix and use government established corners or other authoritative points.
On examination the surveyor readily admitted that, in addition to the deeds affecting the estates of plaintiffs and defendant, he followed generally the survey which had been made by Donald E. Fuellhart in 1926, plat of which is. of record in NSat-ch- *80 itoches Parish. He further testified that he carefully examined the lines of the -Fuell-hart Survey and found them to be correct. We further note in Mr. Daigre’s testimony that while there is no evidence of government surveys or township plats in this particular area, the Mississippi River Commission and' the United States Engineers •use certain sectional lines and topography based upon the original government survey which correspond to and conform with the Fuellhart Survey.
In the light o*f this testimony we are of the opinion that the surveyor made use of all available information as a guide for his work, and, as a consequence, the survey must be considered to- be correct.
, -However, ■ pretermitting further discussion of this nature on the point at issue, we find certain significant admissions contained in Articles 1 and 2 of' defendant’s answer to the rule to show cause why the survey made by Gaiennie Hyams should not be approved and homologated. (Mr. Hyams was the surveyor first appointed by ■ order of the court.)
In the mentioned articles defendant stated that he had no objection to-approval of the survey with respect to that part of the line between the properties of plaintiffs ' and defendant lying south of the new paved 'highway No. 20, but objection was made to the line from said highway to Cane River. Inasmuch as the line is straight from the point of beginning to Highway No-. 20 and then to Cane River, and further considering the fact that the line as fixed by Hyams, as well as by Daigre, corresponds to the line of the Fuellhart Survey, we are at a loss to .understand, upon what basis defendant can accept one portion and reject another.,
The conclusion is inescapable that defendant is objecting to a part of this line not because it is incorrect but by reason of his claim of possession which he urges as the basis for his plea of prescription.
After careful consideration o-f the record we are convinced that defendant has -failed to substantiate the plea of thirty years prescription by that character of clear and unequivocal evidence of facts and by that preponderance of such evidence which must be required.
For the reasons assigned the judgment appealed from is affirmed and costs of appeal are taxed against defendant-appellant.