On Rehearing.
AYRES, Judge.
In this action in boundary the facts and issues are stated in our original opinion and a further statement will not be undertaken except as may be incidental to. our further discussion of the matter. A re-' hearing was granted to permit a further study and consideration of the defendant’s second objection to the homologation of the survey, which survey was contended to *682 be so inaccurate, uncertain and indefinite that it could not serve as a basis for a judicial determination of the boundaries between plaintiff’s and defendant’s properties.
Plaintiff acquired the W of the SE 14 of the SE 14» Section 7, Township 23 North, Range 3 West, January 14, 1956, and immediately thereafter sought the establishment of the boundaries thereto, but, being unable to reach an amicable determination of such boundaries, instituted this action. Defendant Carter owns the NE of the SE 14, Section 7, Township 23 North, Range 3 West, and has a common boundary with the north boundary of plaintiff’s property. The procés verbal of the survey and the more detailed explanation contained in the surveyor’s testimony shows that, as a preliminary matter, the survey was begun at an iron axle purportedly located at the southeast corner of the aforesaid Section 7. From that point.a preliminary line was run north along the east section line a distance of one-half mile. The defendant, Carter, then suggested that a check be made from a corner location one-half mile east at the center of Section 8. After this corner was located and pointed out, a line was run one-quarter mile west, where evidence of a corner was found, and from this latter point the line was continued one-quarter mile further west and the point reached on the section line was 68 feet north of a point theretofore measured in retracing the section line from the southeast corner of Section 7, whereupon the surveyor and party repaired to the iron axle from which they had originally begun the survey and measured 68 feet north therefrom. At that point evidence of a land corner was found in the form of a pine knot decayed down to approximately three to four inches under the surface of the ground, but otherwise solid. This location checked with the field notes as to direction and distance from the remains of a witness tree and checked with the field notes as to the distance south of Beaver Creek. Moreover, this corner checked with the corner at the center of Section 8 pointed out by defendant and the corner one-quarter mile west thereof, the evidence of which shows that they were established 41 years prior by Surveyor Z. C. Rabun.
It may be appropriate here to point out that no evidence was offered by the defendant to rebut or disprove the correctness of the survey as made by the surveyor appointed by the court. The surveyor was the only expert testifying in the case. The presumption is that his survey made under the court’s supervision and in accordance with all the formalities required by law and proved by him is correct. Jewell v. Porche, 2 La.Ann. 148; Anding v. Smith, La.App., 189 So. 362.
Since the correctness of the survey was contested only as to the starting point and since the presumption of the correctness of the survey has not been successfully rebutted, according to our appreciation of the evidence, the decree approving and homologating the survey will not be disturbed.
Defendant, however, contends that the judgment assessing him with all the costs was erroneous. In this connection, it may be stated that every proprietor has a right to make an enclosure around his lands. LSA-C.C. Art. 662. He may even compel his neighbors to fix and mark the limits of their estates which are contiguous to his. The establishment of such limits and the placing of the boundary stones or posts are at their joint expense. LSA-C.C. Art. 663.
The evidence discloses there was a bona fide boundary dispute between plaintiff and defendant and a judicial determination of the boundary was the only possible means for a final settlement of the dispute. When plaintiff acquired this property, he sought to have the boundaries fixed between him and defendant Carter. Carter was agreeable to fixing the bound *683 aries but not at the location contended by plaintiff. Carter finally stretched a single strand of wire along what he contended was a correct boundary line and suggested that plaintiff build his fence accordingly. Plaintiff, not being satisfied with the line, resorted to this action. There is, therefore, no showing that defendant arbitrarily or capriciously refused to enter into negotiations with the plaintiff before the filing of this suit. As we view the matter, defendant was in goo.d faith and we seriously doubt whether the parties could have reached an amicable agreement as to the fixing of the boundary. Where there is a bona fide boundary dispute and a judicial determination of the boundary is the only possible means for a final settlement of the dispute, cost of the proceedings should be borne equally by the parties. Sharpless v. Adkins, La.App., 22 So.2d 692, 698; Lucas v. Asset Realization Co., Inc., La.App., 51 So.2d 652, 658.
Our former decree having been set aside by the granting of a rehearing herein, for the reasons assigned,, except as hereinafter specially noted, the judgment appealed is affirmed and, accordingly, there is judgment herein in favor of the plaintiff, Leander Kelley, against the defendant, S. J. Carter, fixing the boundary between the lands and estate of plaintiff, described as the W of the SE 14 of the SE 14 of Section 7, Township 23 North, Range 3 West, and that of the lands and estate of the defendant, S. J. Carter, described as the NE 14 of the SE 14 of the aforesaid Section 7, Township 23 North, Range 3 West, so far as they are contiguous, as the east and west center line of the SE 14 of the aforesaid Section, Township and Range, as set forth in the plat of the survey of Bruce Allen, registered surveyor, dated August 27, 1956; and it is further ordered that the cost of this proceeding be borne jointly by plaintiff, Leander Kelley, and the defendant, S. J. Carter, save and except the costs of appeal, which are assessed against the defendant; and, as so modified and amended, the judgment appealed is affirmed. Rights are reserved to both parties to file and urge motions for a rehearing, to the plaintiff the right being limited to the assessment of costs.
Amended and affirmed.