REID, Judge.
This suit was originally filed by John F. McMichael, Clayton C. McMichael, and' Mrs. Ruth McMichael Chrestman, heirs of the late John W. McMichael against Roy Williams, Robert Rodriguez, Clinton Hughes and Philip McMichael for damages, for trespassing on plaintiffs’ property, cutting and removing timber therefrom and for an injunction against any further trespass.
The case was originally decided in favor of the plaintiffs and against the defendants, awarding Five Hundred ($500.00) Dollars, damages for the timber cut and issuing an injunction against any further trespassing, and establishing as a boundary line the dotted line fixed by Clifton Webb, Surveyor according to map filed in evidence.
The defendants appealed the matter to this court and it remanded the case for the purpose of having a surveyor appointed, to run and establish the line between the properties of Philip S. McMichael on the north and the defendants on the south, in order to determine the boundary between the same and how much timber had been cut and removed from the property of the *23 defendant. (See McMichael v. Williams, La.App., 111 So.2d 542)
After the case was remanded to the District Court, the trial judge appointed William A. Tycer, Surveyor, to survey the line between the two properties and file a plat of his survey showing the location of any and all evidence of old lines and to establish the line between said properties.
In compliance with said order dated June 19, 1959, the said William A. Tycer proceeded to make a survey of the line between the properties and filed his plat of survey and proces verbal of same, dated May 24, 1960, his survey being dated March 30, 1960.
This matter was reassigned for trial on November 25, 1960 and by stipulation of counsel was submitted to the court upon the record, and the survey and proces verbal of the survey made by W. A. Tycer, Surveyor, without any additional evidence and without taking any evidence from Mr. Tycer to substantiate his survey and proces verbal. On December 6, 1960 the judge of the lower court rendered and signed a judgment with written reasons for same fixing the boundary line between the property of the plaintiff and the property of the defendant as, “starting at the breaking point of the Headright line, being the common point joining HR 45, and 46 and Section 25, T3SR6E, and continue thence south 70° 30' ■east to the east line of HR 43, T3SR7E, which line is represented on both the plats of Surveyors Webb and Tycer as a dotted line lying north of the lines fixed by each of these Surveyors.” This is the line originally run by Surveyor Clifton Webb .and in addition the court gave judgment •in favor of the plaintiff and against the defendant in the amount of $500.00 and costs. This was reinstating the original judgment.
This decision as rendered by the judge of the lower court, in effect rejected the survey by William A. Tycer, and sustained the line fixed by the plat of Clifton Webb. The trial judge gave as reasons: “Mr. Ty-cer does not give any reason for dropping down 29.5 feet from this point, except that he says “after due consideration of the factors involved” he determined that a line run from this starting point “would leave all of the John McMichael improvements intact, except where there was a radical departure from the old fence of Clayton Mc-Michael.”
The defendants filed an application for a rehearing and a new trial based amongst other, on the following reasons, to-wit:
-3-
That the District Court arbitrarily substituted its opinion for that of the registered surveyor.
-4-
That the court erred in holding that the Tycer survey and proces verbal did not delineate the correct boundary line without taking evidence or testimony by Tycer to explain his plat or survey.
-5-
That the court erred in holding that there was any unacceptable survey, assuming that the Tycer survey is unacceptable, the effect of her judgment being to reinstate her original judgment after being reversed by the First Circuit Court of Appeal.
-6-
The Lower Court was in error for reinstating her original judgment and ignoring the instructions of the Circuit Court of Appeal in this case, McMichael v. Williams, 111 So.2d 542 at page 546, a portion of which we quote:
“We believe the facts of this case are similar to those involved in Smith v. Almond, 157 La. 265, 102 So. 330, in which it was held that where no acceptable boundary is established by either party litigant, the matter will be remanded to the lower court and a new survey ordered.”
*24 -7-
The Lower Court was in error using any of the prior surveys to reinstate the original judgment. This was in error since the Court of Appeal held that there was no acceptable boundary. Therefore, the only boundary that the District Court could accept would be the new boundary established by Tycer, or another survey.
-8-
That the court erred in fixing the boundary according to the Webb survey or the Tycer survey, contrary to the survey line established by both of the surveyors.
This motion for a new trial and rehearing was submitted to the new judge, who succeeded the original judge, and was by him overruled.
From this judgment the defendants have brought this appeal.
The only additional evidence in the record concerning the line between the two properties which would fix the boundaries in order for the court to determine whether there was any trespassing or not is the survey and proces verbal filed by William A. Tycer, Parish Surveyor. No attempt was made to homologate this survey by Tycer, nor was any effort taken to explain the survey.
Mr. Tycer, in his map or plat of survey, located all three lines which are delineated upon the map. One is the line as surveyed by Webb, the second is the line as per deed in COB 44, page 590, and the third is the line surveyed and established by him.
This Court, in original decision, McMichael v. Williams, 111 So.2d 542, rejected the line fixed by Mr. Webb, and also held that “the evidence regarding the location of fences on the property is so vague and indefinite as to be of little if any value in determining where the boundary [line] should be established.”
Mr. Webb, in his testimony on the original trial, stated that his line originally fixed by his survey was incorrect, and was run without examining the title and the records. Subsequently, upon checking the records, he fixed the line as being approximately 44.22 feet or .67 chains south of his. original surveyed line. Mr. Tycer located the plaintiff’s property by beginning at a point 54.27 chains north 19 degrees and 45 minutes east of the southeast corner of Section 43, T3SR7E as his point of beginning, this being the north property line of Lot 3 originally obtained by John W. McMichael in a partition between him and his mother and co-heirs of his father in COB 44, page 590.
The judge of the lower court goes back to the point of beginning of the original survey by Webb, rejected by this Court, which point she considered as the beginning of the correct boundary line between the plaintiffs and the defendants and which starts at the breaking point on the Head-right line which is the point where Section 25 and Headright 45 and 46 T3SR6E joins. From this point she fixes the boundary as proceeding therefrom south 70 degrees and 30 minutes east to the east line of Head-right 43, T3SR7E, which boundary line is reported on both the plats of Surveyors Webb and Tycer as a dotted line lying north of the lines actually fixed by each of these surveyors.
This Court feels that inasmuch as the court did not receive any testimony from Mr. Tycer, verifying or explaining the line which he fixed as a boundary line between the two properties, nor any other testimony disputing the correctness of the line, it was bound by the survey made by Tycer. As we stated before in this opinion, the Webb line had been rejected by this Court, which further held that there was insufficient evidence to establish the line by lay testimony.
This suit started as an action for damages for trespassing, but in order to determine whether a trespass actually occurred and by agreement of counsel the matter has been relegated to an action of boundary to determine the correct line between the property of the plaintiffs and that of the defendant, Philip S. McMichael.
*25 Mr. Tycer in his survey fixed the line at what he called the “ideal” line. He fixed this line “after due consideration of the factors involved.” This Court, in its Order to Remand, ordered that the trial court appoint a qualified surveyor to establish a boundary between the properties of these litigants by a survey, said boundary to be ■fixed in accordance with the 1905 survey of said properties, if possible, otherwise in accordance with deeds of the respective parties and other available data and evidence.
We feel that the lower court was in error in disregarding the findings of this ■Court in its original opinion and fixing the line, which was the same line run by Surveyor Webb, as being the correct boundary line between the two properties of the parties herein. It should have fixed the line in accordance with the Tycer survey. The fact that the Tycer survey was admitted into evidence without objection and by consent indicates that it was acceptable to all parties.
In a boundary dispute a survey by •a surveyor appointed by the court made in accordance with all formalities required by law is presumed to be correct until proven otherwise. Anding v. Smith, La.App., 189 So. 362 (see also Jewell v. Porche, 2 La.Ann. 148). The latter case intimates that the surveyor’s testimony should be taken in support of his survey.
However, Article 833, LSA-C.C. requires that two- witnesses sign the proces verbal, which was not done in this case. In Randazzo v. Lucas, La.App., 92 So.2d 398, it was held that the witnesses must be present at the survey and when the proces verbal is later prepared, if one of the witnesses who was present at the survey is prevented from signing the proces verbal, the mention of the reason therefor must be made.
It is therefore ordered and adjudged that this matter be remanded to the District Court for the limited purposes:
First, to permit the surveyor to properly prepare and present a proces verbal signed by two of the five witnesses who were present at the survey.
Second, to order him to permanently fix the boundary line after the court has established the correct line in accordance with the survey, and
Third, to render a judgment as to the alleged trespass in accordance therewith.
Costs of this Appeal to be borne by the Plaintiffs-Appellees; the cost of the Tycer survey to be divided equally by the Plaintiffs-Appellees, and the Defendants-Appellants, and the other costs of the lower court to await final outcome of this litigation.
Reversed and remanded.