SMITH, Judge.
This is a suit originally filed by Oliver Lee Brooks against Carey Jones for possession of certain property. Defendant reconvened converting the issue to establishment of the boundary. The matter was previously before this court in 1973 (Brooks v. Jones, 286 So.2d 368) when it was remanded for further proceedings because the court-appointed surveyor had not complied with the law and therefore his plat of survey and proces verbal were not admissible. Upon remand the trial court appointed a new surveyor who made his survey in compliance with law.
The trial court was of the opinion that the surveyor appointed by the court con *905 ducted his survey in full compliance with law, and his findings were substantially the same as those of the first court-appointed surveyor and correctly shows the boundary between the parties and granted judgment accordingly. From this judgment both plaintiff and defendant appealed. We affirm.
Appellants contend that the court-appointed survey is not well-founded because he did not use well-established principles in making his survey. Each appellant contends that his own surveyor's opinion should be made the basis of judgment.
In an action of boundary the law requires proof of the boundary with legal certainty and that burden is divided equally among the contesting parties. Russell v. Producers’ Oil Company, 143 La. 217, 78 So. 473 (1918).
In this case defendant Jones produced a survey based on a survey of a nearby subdivision without checking it against established government markers. Plaintiff had two surveys, one by Ramsey and one by Wilkerson & Son. The latter survey apparently coincided with the north line of Section 26 as established by the first court-appointed surveyor. Plaintiff’s other surveyor started his survey from a section corner which he tied to what is known as United Gas corner by using other surveyors’ information.
Thus, both parties’ surveyors used prior surveys as starting points, whereas the court-appointed surveyor began from the Government Township marker.
There is a presumption of correctness in favor of surveys made pursuant to court order and complying with all the formalities required by law. Anding v. Smith, 189 So. 362 (La.App., 2d Cir. 1939); Harvey v. Havard, 274 So.2d 917 (La.App., 1st Cir. 1973); Porche v. Martin, 177 So.2d 288 (La.App., 1st Cir. 1965).
The court finds that the court-appointed surveyor began from a well-established township corner, located established corner markers, located four corners of the section in question and finally established the north-south quarter section boundary line between plaintiff and defendant.
The line established by this survey was verified and its location substantiated by credible corroborative evidence upon which the courts can act with assurance of doing substantial justice as between the parties as was said in McMichael v. Williams, 111 So.2d 542 (La.App., 1st Cir. 1959).
The line between the property of Jones, described as:
“The Western one-third of the South Half of Southeast Quarter of Northeast Quarter (Wi/3 of Sy2 of SE(4 of NE14), Section 26, township 17 North, Range 11 West, Bossier Parish, Louisiana, containing 6.6666 acres, more or less.”
and the property of Brooks, described as:
“A tract of land located in the Northeast corner of the Southwest Quarter of the Northeast Quarter (SW/4 of NE/4) of Section 26, Township 17 North, Range 11 West, Bossier Parish, Louisiana, more particularly described as follows: From the Northeast corner of the Southwest Quarter of the Northeast Quarter (SW/4 of NE/4) of Section 26, run thence South 585.5 feet; run thence west 250.0 feet; run thence North 585.5 feet; run thence East 250.0 feet to the point of beginning, together with all buildings and improvements situated thereon.”
is fixed as established by James D. Mohr by court survey on June 3, 1974 represented by a I1/2" pipe set at the Southwest corner of Jones’ property and running north 660 feet to a 1" pipe set at the Northwest corner of Jones’ property as per plat attached.
For the foregoing reasons the judgment of the lower court is affirmed.

*906