On October 4, 1921, defendant, Peter R. Percy, by notarial act duly executed and recorded, became the owner and took possession of a certain lot of ground situated in the town of Thibodaux, being the southern half of Lot 65 as represented on the plan of said town of Thibodaux, said lot measuring about 86 feet front on St. Philip Street, by 127 feet in depth, and being bounded on the west by St. Philip Street, on the north by the other half of the said lot, then belonging to Charles J. Picou, on the south by West Seventh Street, and on the east by Lot No. 63 belonging to E.G. Robichaux, together with all buildings and improvements thereon.
On August 27, 1927, defendant Peter R. Percy, by notarial act duly executed and recorded, transferred unto plaintiff the front or western portion of the said lot, supra, under the following description: "A certain fractional lot of ground, situated in the Parish of Lafourche, in the town of Thibodaux, Louisiana, being a portion of the southern half of Lot Number Sixty-five (65) as is represented on the plat of said town; said lot measuring eighty-six (86) feet front on St. Philip St., by a depth of one hundred and twenty-two (122) feet, more or less; bounded west or in front by St. Philip Street, north by the other half of the said lot No. 65, now belonging to Charles J. Picou, south by West Seventh Street (formerly Cider Street), and east by a portion of Lot No. 65 belonging to the vendor herein; together with all the buildings and improvementsthereon and all the rights, ways, privileges and appurtenancesthereunto belonging and appertaining." (Italics ours.)
On August 29, 1930, by notarial act duly executed and recorded, defendant Peter R. Percy transferred to Philip C. Bergeron, the other defendant, the remaining eastern portion of the property which he, Percy, had acquired on October 4, 1921, under the following description, to wit:
"A certain fractional lot of ground or town lot, situated in the Parish of Lafourche, in the Town of Thibodaux, being a portion of the south half of Lot Number sixty-five, as is represented on a plan of Town of Thibodaux; said fractional lotmeasuring fifty (50) feet, more or less, front on West Seventh Street, by eighty-six (86) feet, more or less, in depth, and is bounded in front or south by West Seventh Street, west by property of J.M. Dupont, east by property of R.C. Webre, and in the rear or north by property of Charles J. Picou, together with all the buildings and improvements thereon and all the right and privileges thereto belonging." (Italics ours).
In his petition, plaintiff alleges there is and was situated on the property at the eastern end and northern portion thereof, *Page 361 
a garage, with runways extending to the south of the property and that it was the intention of both parties to include the garage and runways in the said act of sale by the measurement of 122 feet more or less on West Seventh Street. Due to an angle, unknown to both parties, between the two streets, the northern line of the lot should have been a depth of 129 feet so as to include the garage and runways, thus causing a mutual error on the part of the vendor and vendee; that he has had, since his purchase, the actual, peaceful, continuous and undisputed possession of the property to a depth of 121.6 feet on the south boundary and by a depth of 129 feet on the north boundary.
He further alleges that in the act of sale wherein defendant Percy sold to defendant Bergeron, it was the intention of the vendor to sell and the intention of the purchaser to buy the remainder of the said lot located on the east side of the garage and therefore the said deed does not correctly describe the true intent of the contracting parties; that ever since his acquisition, the said defendant, Bergeron, has always accepted the garage and extension thereof as the true boundary line as separating his property from that of plaintiff; that he, plaintiff, ever since his acquisition, has accepted and regarded the garage and the extension thereof by a fence to be the boundary line separating his property from the remainder of his vendor's property; that it was only within recent weeks prior to the filing of this suit that defendant Bergeron contended that the said garage and the extension thereof was not the true boundary between the two properties.
He makes the allegations that the descriptions in the deeds of the properties were made by inadvertence and by mutual mistake and error on the part of Percy, the vendor, and the purchasers, Bergeron and himself.
He specially pleads that defendant Bergeron is now estopped from asserting that the true boundary line not to be the garage and its extensions and/or from that the two acts of sale should be re-formed and corrected so as to show the correct description of the properties sold by Percy to him and defendant Bergeron. He makes defendants the common vendor, Percy, and the other purchaser, defendant Bergeron. The prayer of his petition is that the aforementioned deeds be re-formed in accordance with his petition, and for all necessary orders, and for general and equitable relief.
For answer, defendant Percy admits all of plaintiff's allegations; and in further answer, he joins the plaintiff in seeking a reformation of the two deeds so as to conform with the intention of all parties.
Before answering, defendant Bergeron filed exceptions of no right or cause of action and of vagueness. The exception of vagueness was partially sustained by ordering certain amendments, which order was complied with. The exceptions of no right or cause of action were overruled. These exceptions are abandoned in this court and further reference thereto need not be made.
For answer, defendant Bergeron categorically denies all of the essential allegations of plaintiff's petition. In further answer he sets forth that the garage referred to in plaintiff's petition encroaches seven feet in the northwest portion of his property; that he intended to buy and did buy from Percy a lot of ground measuring fifty (50) feet front, more or less, on West Seventh Street, by a depth of eighty-six (86) feet, upon the face of the public records, and that the description as given in the deed is correct, and that the deed from Percy to him was confected without any mutual error in the description.
On these issues the case was tried. The trial judge, with written reasons, rendered judgment in favor of plaintiff and against The defendants, as follows: "that the description on the deed from P.R. Percy to John M. Dupont of record in Conveyance Book No. 59, at folio 518, and in deed from Percy to Philip C. Bergeron of record in Conveyance Book No. 65, at folio 376, be re-formed so as to fix the line common to said parties as follows:
"Beginning at the point of intersection of the north line of West Seventh Street with the east line of Philip Street; thence northerly along the east line of St. Philip Street a distance of eighty-six (86) feet; thence easterly parallel to West Seventh *Page 362 
Street a distance of one hundred twenty-nine (129) feet; thence southerly a distance of seven (7) feet to the northeast corner of the garage situated on the property of Dupont; thence southerly along the east line of the east wall of said garage and a projection thereof to the point of its intersection with the north line of West Seventh Street." He divided the costs between plaintiff and defendant Bergeron. Defendant Bergeron has appealed.
[1] This suit is more in the nature of determining the boundary line between the two properties than one of correction of deeds. The two property owners derive their title from a common author. Plaintiff, having purchased first, is entitled to have his title satisfied, and defendant Bergeron takes the remainder. If we treat it as a suit to correct the descriptions, then we say that the defense and objections urged by defendant Bergeron are unsound. The situation presented by the suit is such that had plaintiff sued his vendor for reforming the description and his vendor, in turn, had sued Bergeron, the two suits would have to be consolidated. By bringing the suit as plaintiff did and making his vendor and Bergeron defendants, it obviated the bringing of two suits.
It is undisputed that prior to plaintiff's purchase, he and Percy visited the property. On the property sought to be purchased were a brick dwelling house and a garage for the use of the dwelling. Plaintiff and Percy, the vendor, stepped or measured 122 feet along West Seventh Street to the point in line with the eastern wall of the said garage. The garage had large concrete runways leading from West Seventh Street into the garage. According to Percy's testimony, he delivered unto plaintiff the eastern line being set at about 1 1/2 feet from the eastern runway on West Seventh Street, and the eastern wall of the garage, the property purchased by plaintiff. The boundary line was definitely fixed between the vendor and purchaser. The purchaser, plaintiff, went into immediate possession of the property up to the boundary line as fixed by his vendor.
There were no objections raised as to the introduction of parol evidence to vary, contradict or explain the written document. Even had such been made we believe that it would not have been well taken because the allegations of plaintiff's petition are sufficient for the introduction of such parol evidence. The evidence shows the intent of the vendor and vendee in the confection of the deed, and that error was committed in not giving the northern line as being 129 feet from St. Philip Street so as to include the garage and runways.
The evidence also shows that the garage and the runways were very visible to any one. After his purchase, plaintiff constructed a fence on the boundary line as set out by his vendor Percy, using the eastern wall of the garage as a starting point. He also planted a hedge on his side of the fence.
[2] It is admitted by defendant that when he purchased his property, he knew that the garage was there and that he had no intention whatsoever to buy a portion of the garage and the concrete runways to the same, which, incidentally, means the property upon which they stood. These were visible objects which put him on his guard as to the proximate boundary line between plaintiff's property and the property he was about to buy from Mr. Percy, plaintiff's vendor. The testimony of Mr. Percy is very definite that he only sold to defendant Bergeron such property as remained in his original lot. Although Bergeron does not directly admit that he was buying only the remainder of the property not sold to plaintiff, contending fervently that he bought on the face of the public records the evidence preponderates to the conclusion that he purchased only the remainder of the property formerly belonging to the common vendor, defendant Percy, and that he is not entitled to any more. We are satisfied that, regardless of Bergeron's testimony, that a mutual error was committed in the description of the property.
[3] However, regardless of our conclusion of mutual error on behalf of all the parties concerned, we are of the opinion that the defendant should not receive more than he purchased. It is to be noted that the extent of the northern boundary is not given in either deed, nor do the deeds provide *Page 363 
that the width on West Seventh Street by the depth of 86 feet shall be parallel lines. Furthermore, the southern boundary of both tracts contain the verbiage "more or less". It is evident that, in this case, the terms were used to give plaintiff such frontage on West Seventh Street so as to include the garage and runways, using the eastern side wall of the garage as a prolongation of the eastern boundary of the property sold and its intersection with the northern and southern boundary lines. According to the testimony of Mr. J.C. Waties, C.E., in order to satisfy plaintiff's deed, the northern boundary line should be 129 feet and the southern boundary line should be 122 feet 10 1/5 inches, the defendant Bergeron to own the remainder of the lot, that is, the northern line to be 43 feet and the southern line to be 49 feet 1 1/5 inches. There is filed herein a plat of survey made by Mr. Waties showing his interpretation of plaintiff's deed.
Using Mr. Waties' testimony and his plat of survey, it becomes necessary that we recast, in conformity with Act 30 of 1940, the judgment of the lower court.
For these reasons assigned, the judgment appealed from is annulled and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, John M. Dupont, and against the defendants, Peter R. Percy and Philip C. Bergeron, and accordingly that the description in the deed from Peter R. Percy to plaintiff John M. Dupont, of record in Conveyance Book 59, at Folio 518, Lafourche Parish, Louisiana, be re-formed and corrected so as to read as follows:
"A certain fractional lot of ground situated in the Parish of Lafourche, in the Town of Thibodaux, Louisiana, being a portion of the south half of Lot number Sixty-five (65) as is represented on the plan of said town; said lot measuring eighty-six (86) feet front on St. Philip Street by a depth of One Hundred Twenty-two feet 10-1/5 inches along West Seventh Street, or its southern boundary and by a depth of One Hundred Twenty-nine (129) feet along the northern boundary; bounded West or in front by St. Philip Street, north by the other half of said lot Number Sixty-five (65) now the property of Charles J. Picou, south by West Seventh Street, formerly Cider Street, and east by another portion of Lot Number Sixty-five (65) belonging to Peter R. Percy, now or formerly; together with all the buildings and improvements thereon and all rights, ways, privileges and appurtenances thereto belonging or appertaining. Being a portion of the said property acquired by the vendor from Mrs. Louisa Molaison Lagarde et al., on October 4, 1921, by act passed before Numa Montet, Notary Public, of the Parish of Lafourche, Louisiana."
And, further, that the description in the deed from Peter R. Percy to defendant, Philip C. Bergeron, of record in Conveyance Book 65, at folio 376, Lafourche Parish, Louisiana, be re-formed and corrected so as to read as follows:
"A certain fractional lot of ground or town lot situated in the Parish of Lafourche, Louisiana, in the Town of Thibodaux, being a portion of the south half of Lot Number Sixty-five (65) as is represented on a plan of the Town of Thibodaux, said fractional lot measuring forty-nine feet and one and 4/5 inches (49' 1-4/5") front along West Seventh Street, the lines closing in the rear so as to give a width of forty-three (43) feet on the north boundary line by a depth of eighty-six (86) feet; bounded in front or south by West Seventh Street, west by property of John M. Dupont, east by property of R.C. Webb, now or formerly, and in the rear or north by property of Charles J. Picou, together with all buildings and improvements thereon, and all rights and privileges thereto belonging or in anywise appertaining; being a portion and the balance of the same property which the vendor acquired from Mrs. Louisa Lagarde, et al., on October 4, 1921, as will be seen by reference to Conveyance Book 53, folio 50, of the Conveyance records of Lafourche Parish."
It is further ordered that all costs in both courts be paid by defendant, Philip C. Bergeron. *Page 364