FRUGE, Judge ad hoc.
This is a petitory action brought by Clyde B. Hughes against Alton Palmer, in which he asserts ownership of two tracts of land situated in Livingston Parish, Louisiana, both being located in Section 37, TSS, R4E, La. Meridian. One of the tracts is alleged to contain 23.38 acres and is described as being all of that property situated and lying east of Colyell Creek in the Southwest Quarter of Section 37, TSS, R4E, La. Meridian, Livingston Parish, Louisiana.
.. The other tract-of land which plaintiff alleges ownership to is a tract containing 100 acres, more or less, described by bounds, and being in effect the Northern 100 acres, more or less of all of that part of the South half of Section 37, TSS, R4E, La. Meridian, lying East of Colyell Creek.
The petition of plaintiff contains all of the necessary, allegations to sustain a petitory action, including the allegation that the defendant, Alton Palmer, is in possession of a portion of the property claimed by the plaintiff.
The Lower Court rendered judgment in favor of the defendant, Alton Palmer, and against the plaintiff, Clyde B. Hughes, insofar as the 23.38 acre tract is concerned •for .the reason that the title to said tract was based upon a tax sale made in the name of unknown owner qn May 31, 1904, and authorized the Clerk of Court of Livingston Parish to cancel the said tax title decreeing it to be null and void and of no effect.
Insofar as the other property concerned, the Court rendered judgment recognizing the plaintiff, Clyde B. Hughes, as the sole owner of the North 10/i6 of that part of the South half of Section 37, T5S, R4E, lying East of Colyell Creek, and the defendant, Alton Palmer, the sole owner of the South %o of said property, and ordered a civil engineer to survey the property to have the division line fixed.
Section 37, TSS, R4E, La. Meridian, located in Livingston Parish, Louisiana, is more or less square in shape and is divided into East and West portions by a creek known as Colyell Creek which runs in a general Northerly and Southerly direction. The entire Section 37 contains approximately 647 acres and an exact division into quarters would leave 160 acres in each quarter. However,' the creek was used as a division between the so-called Southeast and Southwest quarter arid the acreage varied somewhat, the Southeast quarter actually containing 183 acres. The defendant claims to be the owner of the property described as follows:
A certain tract or parcel of land together with all the improvements thereon situated in the Eighth Ward of the Parish of Livingston, said State, being a part of the same land acquired by vendor from B. F. Palmer, the tract herein sold to contain sixty-five acres (65) acres, more or less, and being the Southern portion of the Southeast Quarter of Section thirty-seven, Township five South, Range four East, said Quarter section being bounded North by Fletcher, East by Howard and by public land, South by Anderson and West by Colyell running between the said quarter section and the land of Kinden and the sixty-five acres, more or less, herein sold being bounded as follows: North by the balance of said quarter section now belonging to vendor, East by lands of Howard and public land; South by land of Anderson; and West by said Colyell and the division line between the balance of the section and portion herein sold is to be run as follows: Commenc *485 ing at the Southeast corner of the Section to run North to a division fence made of planks, thence west across the Section to Colyell, thence South to the Southwest corner of the Section, thence East to place of beginning and is to contain all land between the said division fence and the southern boundary line of the Section.,
A survey of the South half of Section 37, T5S, R4E was made by C. M. Moore, Civil Engineer and Surveyor, and was introduced in the record. On this survey is included the lands claimed to be owned by the plaintiff and by the defendant. A sketch of said survey is hereby reproduced in this opinion for clarity and is as follows:

Between the markers C and D evidence of an old fence was found.
The line marked A to B is claimed to be the division line by the defendant Palmer and the line marked E to F is claimed to be the division line by the plaintiff Hughes. The shaded part on the above sketch is the ¿3.38 acre tract of land which ownership is claimed by plaintiff Hughes.
First we shall take up the 23.38 acre tract claimed to be owned by the plaintiff Hughes. At the outset we wish to point out that we are in accord. with the .Lower Court’s opinion concerning this tract of land. Plaintiff’s claim to the 23.38 tract of land, which is described as all of the Southwest Quarter of S.ection 37, lying East of Colyell Creek, has no merit. Plaintiff alleges that he became the owner of the 23.38 acre tract of land in the following manner, to-wit:
By purchase from Nicholls Pugh; Simpson H. Sharp; and'Marcus Carter Rownd, by, .act under private signature, acknowledged before Taft Faust, Clerk & Ex-Of-ficio Notary in and for the Parish of Livingston Louisiana, which..act is recorded in the Conveyance Records of Livingston *486 Parish, on April 10, 1946, in COB. 63, page 126.
That Nicholls Pugh; Simpson H. Sharp; and Marcus Carter Rownd, acquired an undivided % interest in the same property from the widow and heirs of Vivian E. Set-toon, by deed recorded Sept. 10, 1929, in COB. 46, page 38;
That Vivian Settoon acquired an undivided Ys interest in the same property from Earl S. Dudley, by deed recorded March 24, 1924, in COB. 39, page 35;
That Earl S. Dudley, Simpson H. Sharp; Vivian E. Settoon, and M. C. Rownd; and Clinton Stegall, then doing business under the Trade name of the Livingston Abstract Co., acquired the same property from 'Clinton Stegall, by deed recorded Sept. 16, 1920, in COB. 35, page 299;
That Clinton Stegall acquired the same property from Ralph C. Blount, Sr., by deed recorded July 15, 1920, in COB. 35, page 233;
That Earl S. Dudley; Simpson H. Sharp; Vivian E. Settoon; M. C. Rownd; and Clinton Stegall sold all of the timber on said property to the Natalbany Lbr. Co., Ltd., by deed recorded Sept. 15, 1923, in COB. 37, page '362;
That Robert C. Blount, Sr., acquired the same property from Oscar Fletcher by deed recorded March 17, 1919, in COB. 34, page 101;
That Oscar Fletcher acquired the same property from unknown owner at tax sale by deed recorded May 31, 1904, in COB. 14, page 364;
That Wm. Kinchen was recognized by the United States Government as the private owner of all of Section 37, Township 5 South, Range 4 East, by report of-, Certificate No. 680.
His title is derived out of that tax sale for 1904 which was sold in the name of an “unknown owner”. However, the record reveals that Ronaldson & Puckett Co., Ltd., acquired all of said property from Benjamin F. Palmer on the 10th day of March, 1899, and that title was in the name of Ronaldson & Puckett Co., Ltd. at the time of the tax sale. Further, if such a tract of land existed it would serve to cut both the Palmer tract and the Hughes tract off from the creek on the West because in the chain of title their ownership to the other property involved in this case devolved from the same author in title and said property is described as bounding Coly-ell Creek on the West. Plaintiff, in asserting his claim to this tract acts contradictorily to his own title from Ronaldson & Puckett Co., Ltd., as well as to the Ronald-son & Puckett Co., Ltd. title to the Palmers. We, therefore, agree with the judgment of the Lower Court in holding that the plaintiff acquired nothing under his purchase from Nicholls Pugh, Simpson Sharp and M. C. Rownd and said purchase was of no force and effect. Furthermore, the sale could not have any effect as to the portion thereof lying within the limits claimed by Palmer as shown on the above sketch, as the record discloses beyond any reasonable doubt that the Palmers held and maintained for more than 30 years their tract of land back to Colyell Creek.
With reference to the other tract of land alleged by plaintiff to be belonging to him, we find that the record discloses that the plaintiff, Clyde B. Hughes, acquired said property from Ronaldson-Puckett Company, Ltd., by deed on April 8, 1944, and duly recorded on April 18, 1944, in Conveyance Book #60 at page 479, Livingston Parish records. Ronaldson-Puckett Company, Ltd., had acquired said property from Benjamin F. Palmer by deed recorded March 16, 1899, in Conveyance Book 10 at page 106, Livingston Parish records.
The property acquired by the plaintiff from Ronaldson-Puckett Company, Ltd., in 1944 was described as follows:
“A certain tract or parcel of land comprising 100 acres of land, more or less, located in the Southeast quarter of Section 37, T5S, R4E, of the Greensburg Land District of Louisiana, Livingston Parish, and being bounded on the North by vendee, on the East by the East line of headright Sec. 37, South by the property of Luther E. Palmer and West by Colyell Creek and being a portion of the same property acquired by vendor herein from B. F. Palmer as per *487 deed recorded in 'Conveyance Book 10, page 106 of the Livingston Parish records.”
The defendant’s chain of title consisting of numerous deeds into and out of Ronald-son-Puckett Company and between the members of the Palmer family is based upon the original sale by Ronaldson-Puckett to Benjamin C. and William O. Palmer in 1901. Each of the subsequent transfers refers in some manner to this early deed although in the various deeds the acreage is given at different figures. A consideration of the description in this deed as previously set forth in this opinion indicates clearly that there was no intention to sell to the Palmers any specified acreage of land. The intention was to sell to them all of the land lying South of a division fence and bounded on the North by that fence, on the South and East by the Section lines, and on the West by Colyell Creek. In drawing the deed the boundaries are given and then to make the matter even more certain a description is given by courses from the Southeast corner of the Section to the various corners of the property. The deed informs us further that the tract conveyed is to contain all the land between the division fence and the Southern boundary line of the Section.
As will be noted, Ronaldson-Puckett Company, Ltd., is a common author in title of both plaintiff and defendant. The plaintiff acquired 'his property in 1944 and the defendant’s claim to his property is based on that deed by which Ronaldson-Puckett Company transferred said property to Benjamin C. Palmer on October 15, 1917, which describes the Northern boundary as a division fence.
We feel that the only question for this Court to determine is the location of the division fence in order to ascertain the boundary'line separating plaintiff’s property from the property of defendant. A survey made by C. M. Moore, Civil Engineer and Surveyor, was introduced in the record which was made under order of Court. Said survey reveals that there was evidence of an old division fence. (See division fence on sketch which is a reproduction of survey made by C. M. Moore). Further, Mr. Moore testified to the existence of evidences of the division fence over a distance of several hundred feet.
Numerous witnesses other than the defendant and his father testified to the existence of the fence and as to its location. Mr. John Brashears, who was for many years the agent for Ronaldson-Puckett Company refers to the fence in his testimony.
Plaintiff has alleged that the defendant is in actual physical possession of part of his property. The property which is the subject of this dispute is shown on the sketch in this opinion, which is a reproduction of the survey.
Plaintiff and defendant’s title are both based on deeds conveying property by metes and bounds and not by deeds conveying specified acreage. Both claim property which was derived from a common author in title, the defendant’s claim being based •on a deed executed by said common author in title in 1917, and the plaintiff’s by deed executed by said common author in title in 1944. Since the deed which was executed by Ronaldson-Puckett Company to defendant’s author in title was prior to that deed executed by Ronaldson-Puckett Company to plaintiff, naturally this prior deed governs. The defendant has, by extrinsic evidence, by the plat of survey introduced in the record and by testimony of various witnesses, established the location of said division fence.
For reasons assigned, it is ordered that the judgment of the Lower Court is affirmed insofar as the 23.38 acre tract is concerned, and is amended insofar as the 100 acre tract claimed by plaintiff is concerned, by establishing the boundary line between plaintiff’s tract of land and defendant’s tract of land located in the Southeast quarter of Section 37, T5S, R4E as the division fence, as identified by plat of survey herein.
Costs in both Courts to be paid by plaintiff.