AYRES, Judge.
This is an action in boundary. Plaintiff and defendant own contiguous lots in the townsite of Mooringsport, Caddo Parish, Louisiana. Plaintiff alleges that the defendant has encroached upon his property and constructed a garage and/or other structure located in part upon property owned by him; that a controversy exists between them as to the precise location of the boundary between their respective properties; that defendant refuses to have the matter of the boundary fixed and determined in an amicable manner, insisting that the improvements rest solely on his own property, and that, therefore, it is necessary that said boundary be fixed judicially. For that purpose, it was alleged that a surveyor should be appointed to make a survey and ascertain the correct limits of their respective properties.
A surveyor was appointed, a stirvey was made and a proces verbal thereof returned into court. Defendant opposed the survey upon the grounds and for the same reasons urged in his answer, wherein he alleged that surveys had theretofore been made by George E. Dutton, the court-appointed surveyor, and Van A. Barnett, also a registered surveyor and civil engineer; that the survey of George E. Dutton, the court-appointed surveyor, was in error as being based on the southwest corner of Section 25, Township 25 North, Range 16 West for a starting point, and that of Van A. Barnett, whose starting point is based upon the intersection of the west right of way line of the K. C. S. & *541 G. Railroad and the south line of the aforesaid section, is correct and should be accepted and approved as the correct boundary line between their properties.
The matter was tried upon a stipulation and an agreed statement of facts, which recited chains of title of their respective properties, beginning with the title of their common author, and to which stipulation was attached the proces verbal, blue prints, surveys of the aforesaid civil engineers, and a copy of the assessor’s plat of that part of the aforesaid section in which these properties lie.
After trial there was judgment rejecting plaintiff’s demands, from which he appealed.
As stated aforesaid, plaintiff and defendant derived their titles from a common author. The common author was Leroy Hagin, who acquired the whole of these properties from the Home Owners’ Loan Corporation under date of July 24, 1940. Defendant, under date of December 4, 1950, acquired from Felton C. Milford, who had acquired from Frederick C. Smith March 7, 1946, as per deed recorded in Book 517, Page 272 of the Conveyance Records of Caddo Parish, Louisiana, and who in turn had purchased on January 10, 1946, from Leroy Hagin, the following described property:
“Begin at a point 264 feet North of a point 341 feet West of the intersection of the West line of the K. C. S. & G. right of way and the South line of Section 25-T20N-R16W, Cad-do Parish, La., thence West 83 feet, thence South 150 feet, thence East 83 feet, thence North 150 feet to the point of beginning, thus forming a rectangle 83 feet East & West by 150 feet North & South in the NE corner of tract #25 of Assessor’s Country Plat #1703, together with all buildings & improvements thereon, & being the same land purchased by vendor herein from Frederick C. Smith on March 6, 1946.”
The descriptions in the several conveyances were identical except in the deed from Hagin to Smith there appeared, following the aforesaid description, the additional :
“Said tract '#25 of Assessor’s Country Plat #1703 is also described as that certain tract of land in Section 25-T20N-R16W, Caddo Parish, La., described as follows: Take as starting point 21 chains & 72 links (1433.52') East from SW corner Sec. 25, thence run East 2 chains and 28 links (150.48') thence run North 4 chains & 4 links (266.64'), thence run West 2 chains & 28 links (150.48') thence run to starting point.”
Plaintiff, by deed of May 11, 1954, likewise acquired from Hagin the following described property:
“A parcel of land in Section 25-T20N-R16W, Caddo Parish, La., more particularly described as follows; take as starting point 21 chains 72 links (1433.52') East of SW corner said Section 25, run thence East 2 chains 28 links (150.48') run thence North 4 chains 4 links (266.64') run thence West 2 chains 28 links (150.48') thence run to starting point, less, however, that portion of said described parcel of property sold by this vendor to Frederick C. Smith January 2, 1946, as per deed book 517, page 272 of Caddo Parish records. It is understood between the parties that vendor does not convey by this instrument any portion of a lawfully dedicated road or street.”
That portion of the above described tract which is contiguous to and lies west of defendant’s property plaintiff still owns. It is between this property and defendant’s property that the establishment of the boundary is sought. These conveyances were all duly recorded.
A mere reference to these deeds shows that defendant has the most ancient title *542 emanating from a common author of both plaintiff and defendant. In that title of the Civil Code pertaining to the Fixing of Limits and of Surveying of Lands, LSA-C.C. Art. 847, concerning conflicting titles from the same author, it is provided:
“Art. 847. If the parties claim under simple acts of sale or other acts which can transfer property, without béing supported by any anterior concessions, and if they, or the persons from whom they acquired their estates, have acquired them from one common proprietor, the preference shall be given to him whose title is ,of the most ancient date, unless an adverse possession, for a time sufficient to establish prescription, has produced a difference in the situation of the parties.”
The jurisprudence uniformly follows this Codal provision.
It was stated in Hughes v. Palmer, La.App., 47 So.2d 483, 487:
“Plaintiff and defendant’s title are both based on deeds conveying property by metes and bounds and not by deeds conveying specified acreage. Both claim property which was derived from a common author in title, the defendant’s claim being based on a deed executed by said common author in title in 1917, and the plaintiff’s by deed executed by said common author in title in 1944. Since the deed which was executed by Ronaldson-Puckett Company to defendant’s author in title was prior to that deed executed by Ronaldson-Puckett Company to plaintiff, naturally this prior deed governs.”
In Dupont v. Percy, La.App., 28 So.2d 359, 362, which was a suit more in the nature of an action in boundary than one for the correction of deeds, it was stated:
“The two property owners derive their title from a common author. Plaintiff, having purchased first, is entitled to have his title satisfied, and-defendant Bergeron takes the remainder.”
To the same effect is the ruling in Bankston v. Gill, 153 La. 234, 239, 95 So. 701, 703, wherein we find this expression:
“The sale to Mixon, under which plaintiffs claim title, was the first sale by the grantee out of his grant, and therefore requires that the area called for therein be satisfied by preference and priority over all others. The real issue in this case is to determine the boundaries of the land called for in this first deed.” (Emphasis supplied.)
In Bergeron v. Daspit, 119 La. 9, 43 So. 894, and in Minor v. Daspit, 128 La. 33, 54 So. 413, it was held that where the owner of a plantation sold portions thereof to different vendees, the first vendee will take the full quantity called for by his title and the second vendee will take what remains.
As defendant has the more ancient recorded title, his title takes precedence over a later conflicting title emanating from the same author, such as was acquired by plaintiff. The conclusion necessarily follows, in according the more ancient title preference and priority, that the boundary between plaintiff’s and defendant’s property should be fixed and determined in accordance with the boundary as described in defendant’s title, which was recognized in the Barnett survey.
Plaintiff, however, points out that in defendant’s deed and in his chain of title, beginning with the sale from Hagin to Smith, the description specifically says that the property sold forms a rectangle 83 feet east and west by 150 feet north and south in the northeast comer of Tract No. 25 of Assessor’s country plat No. 1703. An examination of this plat, however reveals that it supports defendant’s contention in that the first call in the deeds in his chain of title, beginning with the one' from Hagin to Smith, recites that the point of beginning is located 264 feet *543 north of a point 341 feet west of the intersection of'the west line of the K. C.' S. & G. right of way and the south line of the aforesaid Section 25, which is in agreement with Barnett’s survey.
Plaintiff also directs our attention to the deed from Hagin to Smith further describing the property as follows:
“Take as starting point 21 chains & 72 links (1433.52') East from SW corner Sec. '25, thence run East 2 chains & 28 links (150.48') thence run North 4 chains & 4 links (266.64'), thence run West 2 chains & 28 links (150.48') thence run to starting point,”
which description takes into consideration as a starting point the southwest corner of Section 25, which is the same point from which Dutton began his survey and from which the starting point of the description is taken in plaintiff’s deed, and that, therefore, this description should prevail and which would eliminate any difference or discrepancy or overlapping in plaintiff’s and defendant’s titles. However, as pointed out hereinabove, in addition to the precise description by metes, and bounds and as described with reference to the point of intersection of the west boundary line of the K. C. S. & G. right of way and the south line of Section 25, defendant’s property is described as forming a reptangle 83 feet east and west by 150 feet north and south in the northeast corner of Tract No. 25 of the Assessor’s country plat No. 1703. The aforesaid description by metes and bounds is identical with that as shown on the plat. Whatever inconsistency exists is brought about by the insertion of the additional description by metes and bounds upon which plaintiff would have us base our conclusion in fixing the boundary in dispute. Whenever inconsistency exists between the description insisted upon and that of the plat, identical with the initial calls in defendant’s deed and chain of title, the plat must prevail.
In Werk v. Leland University, 155 La. 971, 975-976, 99 So. 716, 717, it was said:
■" “The annexing-'of the map to the deed, and the reference to it' in the description given in the- deed, -made the map as important a part of the description as if it had been actually copied in the deed. Canal Bank v. Copeland, 6 La. [543], 544; Keay v. New Orleans Canal & Banking Co., 7 La.Ann. 259; Lallande v. Wentz & Pochelu, 18 La.Ann. 290; Gray v. Coco, 113 La. 33, 36 So. 878; Nick v. Bautovich, 119 La. 1039, 44 So. 880. See, also, Cragin v. Powell, 128 U.S. 696, 9 S.Ct. 205, 32 L.Ed. 567, viz.:
“ ‘It is a well-settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or the grant itself.’”
To the same effect is the ruling in South Louisiana Fair Association v. Robert, 3 La.App. 505, 506, wherein it was stated:
“There is an apparent, conflict between the description construed in connection with the conveyance record ánd that shown by the lines on the map of survey by Webb in 1917, and the single question involved, is which should control. That question, in our opinion, has passed the stage of uncertainty and is now settled by the decisions in Canal Bank v. Copeland, 6 La. [543] 548; Gray v. Coco, 113 La. 33, 36 So. 878; Perry v. Board of Commissioners, 132 La. [415, 423], 61 So. 511; Werk v. Leland University, 155 La. 971, 99 So. 716. The diagram or map referred to controls the description.”
Therefore, it is our conclusion that the first calls in the description in defendant’s deed and chain of title, support *544 ed and corroborated by the plat referred to therein, should prevail and take precedence and priority over later and apparently conflicting subsequent calls therein, and that the disputed boundary should be determined and fixed accordingly.
The trial court reached the conclusion that defendant’s contentions should prevail, as evidenced by its judgment rejecting plaintiff’s demands. With the conclusions reached we are in accord. However, the judgment merely rejecting plaintiff’s demands obviously does not comply with LSA-R.S. 13:4202, providing:
“All final judgments of district courts, courts of appeal and the supreme court affecting the title to immovable property shall particularly describe the property thereby affected.”
The judgment appealed will, therefore, be recast so as to fix the boundary between plaintiff’s and defendant’s properties in accordance with defendant’s title.
Therefore, it is ordered, adjudged and decreed that the judgment appealed be and the same is hereby amended and recast and, accordingly, there is judgment fixing and establishing the boundary between defendant’s and plaintiff’s properties coincidental and identical with the west boundary of defendant’s property, which is described as follows:
Begin at a point 264 feet North of a point 341 feet West of the intersection of the West line of the K. C. S. & G. right of way and the South line of Section 25-T20N-R16W, Caddo Parish, La., thence run West 83 feet, thence South 150 feet, thence East 83 feet, thence North 150 feet to the point of beginning.
It is further ordered, adjudged and decreed that the plaintiff-appellant, Charles M. Flanagan, pay all costs, including costs of this appeal.
Amended and affirmed.