AYRES, Judge.
This is an action of boundary. Plaintiff and defendant own adjoining properties situated in Avoyelles Parish, Louisiana. Plaintiff alleges that defendant has encroached upon and taken a portion of her property along the East boundary thereof. She avers that she has, without success, endeavored to have the boundary line between the property of her’s and that of defendant fixed, agreed upon and extra-judicially determined.
She, therefore, accordingly prayed that said boundary be fixed judicially. Pursuant to her prayer, the court appointed Blanchard J. Marchand, a registered surveyor, to make a survey, who has complied with the order of the court, and has prepared and filed a plat and proces verbal of his survey. To plaintiff’s demands, defendant filed a plea of ten years acquisitive prescription under LSA-C.C. articles 3458 and 3478, following which and subsequent to the filing of the proces verbal aforesaid, a rule issued at the instance of plaintiff, directed to the defendant, ordering him to show cause why said survey should not be approved and homol-ogated. No response was made to the rule but defendant answered plaintiff’s demands as set forth in the petition, in which he made these contentions: (1) that both plaintiff and defendant in the acquisition of their properties had a common ancestor or author in title; (2) that defendant had the more ancient title and accordingly, his ownership should be recognized in accordance with his title; and (3) that his title included or encompassed the area in dispute.
The survey was neither traversed, attacked, controverted nor disputed in any of defendant’s pleadings in any manner. The issues upon the merits and the plea of prescription, as well as the rule, were consolidated for trial, and, after trial there was judgment sustaining the plea of prescription, rejecting plaintiff’s demands and dismissing her suit at her cost. From this judgment plaintiff has appealed.
First, logically, for consideration is the matter of the survey. In compliance with the order of the court the surveyor after having been duly sworn, gave notice to both plaintiff and defendant of the date and hour he proposed to begin his survey. Plaintiff appeared with her title papers. Defendant was absent. Due, however, to inclement weather the survey was not made on the day specified. Subsequently, however, the surveyor issued additional notices with which the interested parties were served, and, at the appointed time, the survey was begun in the presence of both parties. A written detailed report of the proces verbal, as well as a plat of his survey was prepared, returned to court and filed. In accordance therewith it was disclosed that the surveyor determined that the East boundary of plaintiff’s property coincided with and was co-existent with the East boundary of Section 43, Township 2 North, Range 4 East, and that this section line was the correct dividing line or boundary between the properties of plaintiff and *745 defendant so far as their properties were contiguous, that is, for a distance of 204.3 feet, extending "Northwest along the section line from the Southeast corner of said section.
As stated above, the survey was not traversed or controverted in any manlier. No proof was offered in rebuttal or to disprove the correctness of said survey. The presumption is that a survey made under a court’s supervision and in accordance with all the formalities required by law, is correct. Jewell v. Porche, 1847, 2 La.Ann. 148; Anding v. Smith, La.App. 1939, 189 So. 362; Smith v. Scarpengos, La.App. 1952, 56 So.2d 757. Our review of the record has served to convince us that the survey is in fact correct and was predicated upon sound procedure. The survey should be accepted.
Attention is next directed to the proposition submitted in defendant’s answer. As to the first of these, that is, as to the titles of both plaintiff’s and defendant’s properties originating from a common author, finds ample support in the record. The second and third propositions, however, as to defendant having the more ancient title and that such includes the area in dispute, we find these contentions are not only not supported by the record, but are disproved thereby. The whole of the property was mortgaged by one C. P. Couvillion to the Federal Land Bank of New Orleans on November 25, 1921. The mortgagor defaulted and a foreclosure followed, wherein the mortgagee acquired title to the property by virtue of a sheriff’s sale on April 25, 1931, as shown by a deed dated April 29, 1931. Subsequently, the purchaser sold the property on July 27, 1931, to one Fred J. Cliff, the credit portion of the purchase price of which being secured by a vendor’s lien retained by the vendor and a special mortgage granted by the vendee. Again this mortgagor defaulted and a second foreclosure followed, whereby the bank again acquired title by deed of December 12, 1934. Plaintiff then acquired from the bank the property now owned by her under a deed dated February 2, 1935. The property owned by defendant was sold October 29, 1925, by C. P. Couvillion to Leon Couvillion, who, in turn, on November 12, 1937, sold the same to defendant. Therefore, it is seen that the chain of title through which plaintiff and defendant claim ownership emanated from a common author, and that the chain of title through which plaintiff claims is the most ancient in origin. Therefore, pursuant to LSA-C.C. article 847> which reads as follows:
“If the parties claim under simple acts of sale or other acts which can transfer property, without being supported by any anterior concessions, and if they, or the persons from whom they acquired their estates, have acquired them from one common proprietor, the preference shall be given to him whose title is of the most ancient date, unless an adverse possession, for a time sufficient to establish prescription, has produced a difference in the situation of the parties,”
plaintiff, and not defendant, has the superior title and the limits in the calls of her title should be recognized as superior to and outranking that of the defendant, even should it have been established that the deeds or titles overlapped. Dupont v. Percy, La.App.1946, 28 So.2d 359; Hughes v. Palmer, La.App.1950, 47 So.2d 483; Flanagan v. Elder, La.App.1956, 90 So.2d 540. In passing, it may be noted that it has not been pointed out there is any conflict in the descriptions of the properties in the two titles.
It is well established where there is a clash of boundaries in two deeds or in two chains of title from the same grantor, the title of the grantee in the first deed executed is, to the extent of a conflict, superior. Lacour v. Watson, 1857, 12 La.Ann. 214; Porche v. Lang, 1861, 16 La.Ann. 312; Keller v. Shelmire, 1890, 42 La.Ann. 323, 7 So. 587; Bankston v. *746 Gill, 1923, 153 La. 234, 95 So. 701. Therefore, plaintiff should he recognized as the owner of the property as described in her title as being the more ancient and emanating from a common author.
Lastly, for consideration is defendant’s plea of acquisitive prescription of ten years under the provisions of LSA-C.C. articles 3458 and 3478. The former article defines prescription by which the ownership of property is acquired, as a right by which a mere possessor acquires the ownership of a thing which he possesses by the continuance of his possession during the time fixed by law. The second of these articles provides: “He who acquires an immovable in good faith and by just title prescribes for it in ten years.” This plea of prescription is, therefore, predicated upon two propositions: (1) that defendant’s title encompasses the area in dispute and that defendant acquired the same in good faith and by just title; and (2) that he has had the requisite possession for the prescribed period of time. These propositions under the established facts in the record, are untenable for these reasons: (1) defendant’s deed recites that his property is bounded on the west by the property of the plaintiff; and (2) no proof whatever is contained in the record showing that defendant has been in possession of the property in dispute for the required period of time, or even for any period of time, or that he acquired in good faith. The plea was, therefore, improperly sustained.
For the reasons herein assigned, the conclusion necessarily follows that the survey should be approved and homologated and the boundary between plaintiff’s and defendant’s properties should be fixed in accordance therewith.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and it is now Ordered, Adjudged and Decreed that defendant’s plea of ten years acquisitive prescription should be and it is hereby, overruled.
It is further Ordered, Adjudged and Decreed that the survey made by Blanchard J. Marchand, surveyor, and the procés verbal and plat prepared pursuant thereto, be and the same are hereby approved, homologated and the judgment of this court, and accordingly the boundary between plaintiff’s property described as follows:
“94.70 acres of land, more or less, situated in the Eastern portion of Section 43, Township 2 North, Range 4 East, and bounded now or formerly as follows: North by lands of A. R. DeNux, Sidney Dupuy and Mrs. C. A. Riddle; on the East by Sidney Dupuy, Evilina Nash and Abel A. Mayeaux; on the South by R. O. Young and on the West by A. R. DeNux and Oscar Mayeaux.
“The above described property having been acquired by petitioner from the Federal Land Bank of New Orleans on the 12th day of February, 1935, by deed recorded in Conveyance Book A-65, at page 139 of the Avoyelles Records, and is more fully set forth on plat of E. B. Messick, Surveyor, dated July 26, 1930, photostatic copy of which is hereto attached and made part hereof”,
and defendant’s property, described as follows:
“A certain tract or parcel of land, with the buildings and improvements thereon, situated, lying and being about two miles north of the Town of Marksville, on the east side of the Marksville-Moncla paved highway, in the Second ward of Avoyelles Parish, Louisiana, same containing four (4) acres, more or less, same being bounded on the north by Public road leading from Marksville-Moncla paved highway to the Barbin’s land graveled road, on the south by Dr. R. O. Young, on the east by A. J. Normand, and on the west by Una Laborde, and being a *747 portion of a larger tract of land acquired by present vendor from C. P. Couvillion on October 24th, 1925, sale of which is recorded in Conveyance Book A-36 page 585”,
be and the same is hereby determined, fixed and decreed to coincide with and be co-existent with the East boundary of Section 43, Township 2 North, Range 4 East, as per plat and survey of Blanchard J. Marchand, surveyor, so far as said properties are contiguous and particularly beginning at the Northeast corner of the aforesaid section as designated in said plat and survey, as well as on that plat and survey of E. B. Messick, dated July 26, 1930, and run along the aforesaid East boundary of said Section 43, South 39 degrees and 18 minutes East to a point on said East boundary 204.3 feet from the Southeast corner of the aforesaid Section 43 and thence along said section line South 39 degrees 18 minutes East the aforesaid distance of 204.3 feet to the Southeast corner of said section.
It is further Ordered, Adjudged and Decreed that defendant-appellee, Abel A. Mayeux, pay all costs of this suit, including the cost of this appeal.
Reversed and rendered.