MILLER, Judge ad hoc.
This is a petitory action in which Charles Metrailer, Sr. and Ray E. Ingram are suing to be recognized as the owners and, as such, entitled to the possession of certain real property purchased from the defendant, Millard E. Byrd, and located in the City of Baton Rouge. Plaintiffs allege that subsequent to their purchase of November 22, 1957, the defendant took possession of the north 6.85 feet of the property which he had conveyed to the plaintiffs and now refuses to deliver possession to them. Defendant admits the sale of the property on the date alleged according to the following description:
*324 "One (1) certain lot or parcel of ground, together with all improvements located thereon, and all rights, ways, privileges, servitudes and advantages thereto attached or in anywise appertaining, situated in the Parish of East Baton Rouge, State of Louisiana, in that subdivision known as Bernard Terrace, and designated on a map made by Sam G. Dupree, Civil Engineer, dated October 28, 1957, attached hereto and made a part hereof, marked “Ne Varietur” by me, Notary, for identification herewith, showing “Re-subdivision of Lots 16, 17, and 18, Square 1, Bernard Terrace Subdivision”, and approved by the Planning Commission on November 4, 1957, as Lot “B”, said subdivision, said lot fronting fifty-four and sAo feet (54.5) on the North side of Government Street, with such other measurements and dimensions as shown on said map; said lot being subject to a seven and one-half foot servitude off the north or rear side thereof as shown on said plat; being a portion of the same property acquired by the vendors by Act of Record in Book 939, Page 162 of the Conveyance Records of this Parish and State.”
The plat which was paraphrased “Ne Ver-ietur” to agree with the sale from defendant to the plaintiffs is essential to the consideration and decision of this case and is therefore reproduced in part herewith.

*325 It is defendant's contention that this map contains an error in giving the depth of the property conveyed to the plaintiffs as 150 feet when it should have been given a depth of 143.15 feet. The lower court for oral reasons assigned granted judgment in favor of the plaintiffs, as prayed for, and defendant has appealed.
The defendant owned portions of Lots 16, 17, and 18 of Square 1, Bernard Terrace, in the City of Baton Rouge, forming a tract of land measuring 109 feet front on the north side of Government Street by a depth of in excess of 150 feet. The west side of said tract fronts on Lovers Lane. Defendant listed the south 150 feet of this property with a Baton Rouge real estate broker for sale at a price of $300 per front foot facing Government Street. The broker found a sale for a portion of this 109' x 150^ lot at a price in excess of the price set by the defendant with a prospective purchaser named Mr. Hutchison. Mr. Hutchison wanted to purchase a tract 54.5 feet fronting on Government Street and 120 feet fronting on Lovers Lane. (See Lot “A” on the plat reproduced herein-above.) The defendant refused to accept this sale because he wanted to dispose of the entire 150' x 109' lot. The real estate broker then set about to find a purchaser for the “L” shaped remainder of the 150' x 109/ lot. (See Lot “B” of the plat reproduced hereinabove.) The plaintiffs were interested in making the purchase and on October 16, 1957, an agreement to buy and sell was signed by the plaintiffs and defendant on a form provided by the real estate broker describing the land to be sold to the plaintiffs as “lot 54i/£ x 150 x 109' on back line by 30 ft on Lovers Lane — In-ermost lot”. Because of a problem in connection with financing the purchase of this property, two other agreements to buy and sell were executed, but in each case the description of the property involved was identical to the above description. In order to convey title to Lots “A” and “B”, the defendant employed a Civil Engineer, Mr. Dupree, to prepare a resubdivision of his property. Mr. Dupree prepared the plat .which is reproduced hereinabove and which was attached to the sale from the defendant to the plaintiffs.
This plat has an error in it in that it shows that Lot “C” which is also a part of the resubdivision of Lots 16, 17, and 18 of Square 1, Bernard Terrace, extends south 10 feet, into lots which have previously been described as Lots 17 and 18 of Square 1. This plat also shows that the lot purchased by the plaintiffs, hereinafter referred to as Lot “B”, has a depth from Government Street to the back of the lot of 150 feet. This would indicate that Lots 17 and 18 have a total depth of 160 feet, whereas in truth and fact the two lots, Lot 17 and Lot 18, have a depth of only 153.15 feet. This dispute arose because defendant places his south line of Lot “C” 10 feet south of the south line of the previous Lot 16 of Square 1, Bernard Terrace, whereas the plaintiffs place the same line 150 feet north of Government Street. Subsequent to the sale defendant erected a fence on and along the line for which he now contends with the result that the plaintiffs have a depth of only 143.15 feet from Government Street rather than a depth of 150 feet and a frontage of only 23.15 feet on Lovers Lane rather than the 30 feet as shown on the plat.
Under an oral agreement made at the time of the sale the defendant reserved the right to remove certain improvements from Lot “B” for a period of 60 to 90 days. At the end of this period the plaintiffs were staking out a site for their proposed building and discovered that the defendant had taken possession of the north 6.85 feet of their Lot “B”. Efforts were made to settle the matter but when it became apparent that the defendant was adamant in his contention that the plat prepared at his request by Mr. Dupree, Civil Engineer of Baton Rouge, really conveyed only 143.15 feet rather than 150 feet, this suit was filed.
*326 Defendant freely admitted that he intended to sell property fronting on Government Street for a distance of 109 feet and of a depth of 150 feet. Defendant testified that this was his intention at the time of the sale. The testimony is quoted from the transcript as follows:
“Q. As I understand from your testimony, when you signed the agreement to sell to Metrailer and Ingram and at the time you signed the act of sale you thought that you were selling them 150 feet back from Government Street. Is that right?
“A. That’s correct.
“Q. And when did you find that there was any question about you having sold them the full 150 feet in depth ?
“A. Let me stop and think. It must have been, it was weeks after anyway, maybe months. * * * ”
Defendant’s position is simply that he thought he would have more land left after the sale than he finds that he now owns. The error in the plat prepared by Mr. Dupree, Civil Engineer of Baton Rouge, which shows the north line of Lot “B” as being 10 feet south of the south line of Lot 16 of the original plat of Square 1, Bernard Terrace is in accordance with defendant’s contention that he is entitled to the north 6.85 feet of Lot “B”.
In our opinion the lower court was entirely correct in finding that the plaintiffs are entitled to Lot “B” as described by defendant’s Civil Engineer, Mr. Dupree, which shows Lot “B” as having dimensions a depth of 150 feet from Government Street. The testimony is uniform to the effect that at all times prior to and during the confection of the sale of the property the defendant intended to convey to the plaintiffs a depth of 150 feet from Government Street. There is no complaint by the defendant that the location of the front line on Government Street was inaccurately determined by Mr. Dupree who had been employed by the defendant. The deed when describing the property conveyed provided that the plaintiffs were to acquire Lot “B” on the attached plat (reproduced herein-above), “said lot fronting 54 and 5Ao feet (54.5) on the north side of Government Street, with such other measurements and dimensions as shown on said map. * * * ” Under these facts defendant had warranted to plaintiff that he is entitled to property of a depth of 150 feet from Government Street. The fact that he always intended to keep the north 10 feet of Lots 17 and 18 of the original plat of Square 1, Bernard Terrace can not affect this transfer.
Defendant is bound to deliver the full extent of the premises specified in the contract and plaintiffs are entitled to have their title satisfied, with their vendor keeping only what is left. LSA-C.C. Art. 2491, 847; Williams v. Hall, 9 Mart., O.S., 80; Bourguignon v. Boudousquie, 6 Mart., N.S., 697; Bankston v. Gill, 153 La. 234, 95 So. 701; Bergeron v. Daspit, 119 La. 9, 43 So. 894; Minor v. Daspit, 128 La. 33, 54 So. 413; Flanagan v. Elder, La.App., 90 So. 2d 540; Laborde v. Mayeux, La.App., 95 So.2d 743; Lilleburg v. Coleman, 1 La.App. 650; Dufrene v. Bernstein, 190 La. 66, 181 So. 859; Cross v. Bernstein, 8 La.App. 380.
The defenses urged to this Court are that the sale from defendant to plaintiffs was a sale “per aversionem” and is covered by LSA-C.C. Articles 2495 and 854 which are exceptions to LSA-C.C. Article 2491 hereinabove relied on and are quoted as follows:
“Art. 2495. There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary.
“Art. 854. If any one sells or alienates a piece of land, from one fixed *327 boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title.”
This is not a sale “per aversionem” for the reason that the reference to the plat attached to the sale (and reproduced here-inabove) was simply for the purpose of showing the “measurements and dimensions” of Lot “B”. At no point is there any reference to the boundaries of other properties. For this reason it would serve no purpose to refer to each of the numerous cases cited and summarized by counsel for the defendant dealing with sales “per aversionem”.
Alternatively defendant contended that plaintiffs purchased this property after having employed an attorney to make a title examination. Defendant contends that this attorney either knew or should have known that Lots 17 and 18 of Square 1, Bernard Terrace did not have a depth of 160 feet but only had a depth of 153.15 feet and that therefore plaintiffs were acquiring a depth of only 143.15 feet measured from Government Street. Defendant contends that it would not be possible for anyone who had examined the title documents to overlook the deficiency in Lot “B”. The attorney who examined the title on behalf of the plaintiffs, and who is not representing the plaintiffs in this proceeding, testified that there was in his opinion no deficiency in Lot “B”. We agree with him. For this reason it is unnecessary to review the numerous cases cited and reviewed by the defendant following the well established jurisprudence of Louisiana that a client is bound and responsible for all facts brought to his attorney’s knowledge and attention.
For these reasons the judgment of the lower court is
Affirmed.